BOHRER & LUKEMAN, PLLC
5 Columbus Circle, Suite 1501
New York, NY 10019
Phone No.: 212-406-4232
Fax No.: 212-202-4440
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------x
ANGELO ANASTASI

                     Plaintiff,

      -against-

DELTA AIRLINES, INC.,

                    Defendant.
-----------------------------------------------------------x

**COMPLAINT & JURY TRIAL DEMAND**

Index No.:

       The Plaintiff, ANGELO ANASTASI, by his attorneys BOHRER & LUKEMAN, as and for his complaint against Defendant, DELTA AIRLINES, INC., alleges the following upon information and belief:

**JURISDICTION AND VENUE**

       1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1332, insofar as there exists complete diversity of citizenship of the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

       2.     Jurisdiction is further proper in that the ticket for travel, which forms the basis for the contract of carriage aboard the subject flight, was purchased in New Jersey by a resident thereof and the itinerary pursuant to that contract of carriage originated and terminated in New Jersey.

       3.     Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, in that the Plaintiff resides therein, the treatment for the injuries suffered by Plaintiff occurred while in transit hereto, and Defendant resides and is doing business in this judicial district.

       4.     Plaintiff ANGELO ANASTASI resides in Riverdale, Morris County, New

Jersey and is a citizen of the State herein.

5. Defendant DELTA AIRLINES, INC. (hereinafter "DELTA") is a foreign corporation organized and operating under the laws of Georgia, with its principal place of business at 1030 Delta Boulevard, Atlanta, Georgia 30354.

6. Defendant DELTA was and is a common carrier engaged in the business of transporting passengers for hire by air.

7. Defendant DELTA operates regularly scheduled commercial passenger flights to and from the State of New Jersey.

8. In furtherance of its business as a commercial air carrier of passengers, Defendant DELTA employs individuals in the State of New Jersey.

9. In furtherance of its business as a commercial carrier of passengers by air, Defendant DELTA maintains offices for the transaction of business in the State of New Jersey.

10. Plaintiff purchased his airline tickets, which formed the contract of carriage for the subject flight, in the State of New Jersey.

11. Plaintiff's travel pursuant to the contract of carriage which forms the basis for this cause of action originated and terminated at Newark Liberty International airport (EWR) in the State of New Jersey.

**AS AND FOR A FIRST CAUSE OF ACTION**

12. On or about May 3, 2024, Plaintiff ANGELO ANASTASI was a passenger lawfully traveling aboard DELTA Airlines Flight DL 2609 from Detroit Wayne International Airport, Detroit, Michigan, (DTW) to Newark Liberty International Airport (EWR) ("the subject flight").

13. On May 3, 2024, Defendant DELTA employed a cabin crew responsible for the safe and secure operation of its flights as well as the safety and well-being of its

passengers.

14. The subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant DELTA.

15. On May 3, 2024, Defendant DELTA was responsible for the training, management, supervision, and/or control of its cabin crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol with respect to the service of hot beverages and liquids.

16. Moreover, as a common carrier of passengers by air, Defendant DELTA owes its passengers the highest duty of care with respect to safety and know risks.

17. On May 3, 2024, Plaintiff was served a scalding hot beverage aboard the subject flight.

18. Upon information and belief, DELTA equips its aircraft with lids intended to cover hot beverages.

19. Said lids are designed to fit onto the tops of hot beverage cups.

20. One reason DELTA places lids on hot beverages aboard its aircraft is to reduce the risk of a known harm to passengers.

21. Despite having said lids aboard its aircraft during the Subject Flight, the aforesaid scalding hot beverage was served by a member of DELTA's cabin crew to the Plaintiff without a lid.

22. Said scalding hot beverage was served without a lid in violation of DELTA's own rules.

23. Said scalding hot beverage was served without a lid in violation of DELTA's best safety practices and procedures.

24. Immediately after serving the Plaintiff, DELTA's cabin crew aboard the SUBJECT FLIGHT served a beverage to the adjacent passenger and in doing so knocked

the uncovered cup containing scalding liquid from Plaintiff's tray table causing it to spill onto the Plaintiff.

25. Said hot beverage fell and scalded Plaintiff, due to the negligence, carelessness and/or recklessness of Defendant DELTA's cabin crew members who are its employees, agents and/or servants.

26. The Plaintiff did not cause the hot beverage to fall or spill onto himself.

27. The Plaintiff is free from comparative fault.

28. On May 3, 2024, while seated aboard the subject aircraft, Plaintiff was injured as the result of contact with hot liquid.

29. While seated aboard the subject aircraft, Plaintiff suffered serious burns due to the negligence, carelessness and/or recklessness of one or more of Defendant DELTA's cabin crew members who are its employees, agents and/or servants.

30. As a result of said negligence, carelessness and/or recklessness, Plaintiff was injured.

31. As a result of said negligence, carelessness and/or recklessness, Plaintiff was seriously injured.

32. As a result of said negligence, carelessness and/or recklessness, Plaintiff was permanently injured.

33. As a result of said negligence, carelessness and/or recklessness, Plaintiff suffered great pain, agony, and mental anguish, and in the future shall continue to suffer from same.

34. As a result of said negligence, carelessness and/or recklessness, Plaintiff suffered economic loss, and in the future shall continue to suffer from same.

35. As a result of said negligence, carelessness and/or recklessness, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

36. As a result of said negligence, carelessness and/or recklessness, Plaintiff was deprived of his enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.

**WHEREFORE**, ANGELO ANASTASI, demands judgment against Defendant DELTA AIRLINES, INC. in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

Dated: January 20th, 2025                    BOHRER & LUKEMAN, PLLC

_____
Abram I. Bohrer, Esq. (AB 4336)
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: January 20th, 2025                    BOHRER & LUKEMAN, PLLC

_____
Abram I. Bohrer, Esq. (AB4336)

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

Dated: January 20th, 2025

BOHRER & LUKEMAN, PLLC

_____

Abram I. Bohrer, Esq. (AB4336)

## **DESIGNATION OF TRIAL COUNSEL**

Abram I. Bohrer is hereby designated as trial counsel in this matter.

Dated: January 20th, 2025

BOHRER & LUKEMAN, PLLC

_____

Abram I. Bohrer, Esq. (AB4336)